## STEGER LUMBER CO. v. STEGER.
(No. 3182.)

(Court of Civil Appeals of Texas. Texarkana. June 3, 1926. Rehearing Denied June 10, 1926.)

**1. Corporations** &#9758;513(5).

In action by corporation on note, answer admitting execution and promise to pay direct to corporation admits authority of corporation to sue on it, though it has suspended business.

**2. Corporations** &#9758;519(1).

In action by corporation on note, burden of proving defense in avoidance that note was executed upon distribution of assets to stockholders and was to be paid only to extent necessary to pay corporate debts, and that corporation owed no debts, is on defendant.

**3. Pleading** &#9758;165.

In action on note where no replication is made to defense in avoidance, general denial is presumed.

**4. Corporations** &#9758;518(1)—Under general denial to plea in avoidance that note to corporation was intended only to be subject to debts of corporation, plaintiff held entitled to show that corporation did owe debts.

In action on note to corporation defended on ground that it was intended as substitute for assets taken out of corporation in so far as might be necessary to discharge debts, and that corporation owed no debts, plaintiff held entitled to prove under general denial to answer that it did owe debts.

**5. Corporations** &#9758;186—Stockholder executing note to corporation in lieu of assets withdrawn, held liable in action by corporation, for percentage of debt against corporation which note bore to other assets.

Where stockholders executed notes to corporation in lieu of assets taken out by them preparatory to dissolution under agreement to pay ratably to extent of debts of corporation exceeding remaining assets maker held liable in action by corporation on note for percentage of an existing debt that his note bore to other assets.

Appeal from District Court, Fannin County; Geo. P. Blackburn, Judge.

Action by the Steger Lumber Company against John P. Steger. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The Steger Lumber Company, a private corporation, brought the suit against the appellee to recover against him a personal judgment upon a promissory note executed by him and payable to the order of the said company in the principal sum of $32,000, with 6 per cent. interest from maturity, and providing for attorney's fees. The note was dated June 11, 1919, and was made payable on the same day of its date. The defense to the suit rests in and is made plain in the following pleading of the defendant, which follows his plea of general denial:

"Defendant further says that the Steger Lumber Company ceased to do business in 1919; That at the time the affairs of the said corporation were not in a condition for immediate dissolution, and it was agreed by and between the stockholders and the directors of said corporation that as soon as practicable it should be dissolved and partition be made of its assets among the stockholders thereof. That Charlie Doss and this defendant were the stockholders of the said corporation, and they each took certain assets under an agreement then and there

made by and between all the stockholders and directors of the said corporation that this defendant should give his note in the sum of $32,-000, and that the said Charlie Doss should give his note in the sum of about $72,000; each of said notes to be to the corporation to maintain its assets in value until final dissolution. That in pursuance of said agreement this defendant took the assets aforesaid and executed his note, which is the note herein sued upon, and said Charlie Doss took his assets as above alleged and executed and delivered to said corporation his note for said sum of about $72,000. That it was never intended that either one of said notes should be actually paid, but it was agreed and understood as aforesaid that they should take the place of the assets of said corporation and should be accounted for and paid only so far as might be necessary for proper adjustment and partition of the assets of said corporation among its stockholders on final dissolution. That the consideration for said note has wholly failed, in that said Steger Lumber Company is and was solvent, now owes no debts, and the funds and other property in the hands of said Charlie Doss belonging to it and the plaintiff's interest in the funds and other assets of said corporation far exceed, and did at the time of the execution of said note far exceed, the amount of said note."

The case was tried before the court, and a judgment was rendered in favor of the defendant.

According to the evidence the Steger Lumber Company was a private corporation operating lumber yards at Bonham, its principal office, and at Henrietta and Paris. Charlie Doss was the president and general manager, and the appellee was vice president, and they were two of the three directors. Charlie Doss owned 68 per cent. and appellee owned 32 per cent. of the stock of the corporation. There were no other stockholders. In June, 1919, the two stockholders and the three directors consented that the corporation should cease doing active business, with the view of ultimate dissolution, and that the assets in kind should be presently distributed between the two stockholders in proportion to the stock owned by each of them. It was agreed, however, that owing to "the war" a complete, final winding up of the business affairs of the company and its formal final dissolution should not occur until a future time. The corporation as such was to continue, to "wind up" the business and to dispose of its property not distributed to the stockholders. Charlie Doss was to continue as president and general manager. No time for final dissolution was ever fixed. In pursuance of the agreement, and on June 11, 1919, Charlie Doss took over and received property of the company of the value of $68,-000, and the appellee took over and received company property of the value of $32,000. The notes and accounts payable to the company, aggregating above $3,000, were not distributed but held in the company. Also $3,000 in money, representing amount of tax due the federal government, was reserved and held by the company. An interest that the company had in a certain sawmill was to be disposed of as opportunity presented. It appears that afterwards, on September 11, 1923, a judgment was rendered in the district court of Fannin county against the Steger Lumber Company in favor of Charlie Doss in the sum of $19,800 with interest at 8 per cent. per annum. The claim on which the judgment was founded existed at the time of the agreed cessation of business and distribution of assets. No question was made about the judgment. The judgment has not been satisfied, and there are not sufficient assets of the company with which to pay it. This is the only unpaid creditor of the company. The assets of the company on hand at the time of the trial consisted of notes and accounts due the company, but which were uncollectable except "about $500 or $600." The notes of both Charlie Doss and the appellant were carried on the books of the company as assets collectable. At the time of the trial there had been no formal dissolution of the corporation. As to the agreement respecting the execution of the notes, the appellee testified:

"We both gave our notes for what we drew out of the concern at the time. We (the corporation) could not liquidate because we did not know what to pay the government—didn't know how much we would have to pay. We gave the notes to show what each one of us got out of the business. I gave my note for $32,000, and Mr. Doss gave his note for $68,000, in lieu of the assets of the corporation. It was agreed at the time the notes were executed that they were not to be paid. We put these notes up to wait until we finally wound up the business, and then whichever one of us owed he could settle. I did not owe him (Doss) anything, and he did not owe me anything at that time."

Charlie Doss testified:

"In 1919 I gave a note for $68,000, and Mr. Steger gave a note for $32,000. These notes took the place of and were in lieu of the assets of the corporation which we took out of the corporation individually. The notes were carried on the books as assets of the company from that date. I own 68 per cent. of the stock of the corporation, and Mr. Steger owns 32 per cent. Whatever money is paid into the corporation after paying my debt Mr. Steger would get 32 per cent. and I would get 68 per cent. of it. Outside of the government debt for the tax due it, and the debt due me, the corporation does not owe anybody else a dollar. Except the notes and accounts above stated, there are no other assets of the corporation except these two notes."

The court made the following findings of fact:

"(1) I find that on June 11, 1919, the defendant executed and delivered to the plaintiff the note sued on; that plaintiff sues on said note, setting up no other right in the petition.

"(2) I find that the defendant owned 32 per cent., and Charlie Doss owned 68 per cent., of the stock of the Steger Lumber Company; that

at the time the two notes were executed they represented the assets of the Steger Lumber Company and were given by Doss and Steger for the purpose of protecting each other in the dissolution of said corporation, of which they owned all the stock, and to take care of the debts of said corporation, and that they were not given with any intention of actually being paid.

"(3) The plaintiff is a corporation, and Charlie Doss is president and general manager.

"I conclude as a matter of law that the plaintiff is not entitled to recover, and therefore I render judgment for the defendant."

Cunningham & Lipscomb, of Bonham, for appellant.

Fred S. Rogers, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). [1-5] The right of the appellant to recover under the pleadings and the evidence in the case is the point presented on the appeal. The trial court concluded that, in view of the proofs in the case, the appellant was not entitled to a judgment "on said note, setting up no other right in the petition." According to the petition the appellant declared on a note made by the appellee direct to it promising to pay to it the sum of money stated. Clearly a prima facie case was alleged entitling appellant to a judgment upon proof of the allegations. To this action the appellee specially answered as above set out in full. Such plea purports to be in confession of the material allegations in the appellant's petition and avoidance of any liability thereon. As seen, the answer admits the execution and delivery of the note to the corporation in the sum stated. The corporate character of the contract was admitted. As alleged, the corporation ceased to do active business, with the view of its ultimate voluntary dissolution; and the note was executed and delivered to the corporation for the benefit of the corporation, to enable it to pay its creditors in order to complete a "final dissolution." The maker of the note intended to impose liability upon himself in favor of the corporation for having withdrawn and lessened the assets of the corporation to the extent and limit of the value stated. The withdrawal of the assets and the execution of the note to the corporation as a means for it to pay the debts were specially authorized by "all the stockholders and directors of the said corporation." The corporation was to be dissolved "as soon as practicable" after its affairs were finally wound up. All those allegations were admissions of facts consistent with the cause of action pleaded by appellant. As matter of avoidance it was then alleged that the note was executed upon the following condition, viz.:

"That it was never intended that either one of said notes should be actually paid, but it was agreed and understood as aforesaid that they should take the place of the assets of said corporation and should be accounted for and paid only so far as might be necessary for proper adjustment and partition of the assets of said corporation among its stockholders on final dissolution."

And as further alleged, the particular condition upon which the note was given does not now exist, since the corporation "is and was solvent, now owes no debts," and all the stockholders have been fully satisfied in funds and assets. The part of the allegation which states that the note was never intended to "be actually paid" has the meaning, and which should be given it, that the note was never intended to be paid to the full amount or to a proportionate amount except as necessary and required to pay the debts of the corporation; otherwise the allegation would be contradictory of the alleged facts and could not prevail. All that can be derived from the alleged defense is that the transferees of the assets expressly obligated themselves severally to ratably pay to the corporation, for lessening its assets, an amount to the extent and limit of the debts of the corporation, and that the notes as given to evidence the agreement were not intended to be actually paid or enforced in their full amount or in any amount except for debts of the corporation; and that there are no debts or stockholders' claims owing by the corporation. That was the nature and extent of the undertaking of the makers of the note. The effect of the pleaded defense was not to destroy the effect of the allegations or to avoid the cause of action pleaded by the appellant, but only avoidance of the amount recoverable. The corporate character of the contract, the execution and delivery of the note to the corporation for its benefit, and the existence of the corporation, were admitted. An answer admitting the execution of the note to the corporation and the promise to pay it direct to the corporation admits the authority of the corporation to sue on it. Although the corporation had suspended business, it was not contemplated that its existence should be dissolved until its affairs were finally wound up. And the undertaking was designed to account to the corporation as a provision for the payment of its debts under such circumstances. The corporation as such was the party in interest in the undertaking made in its name and direct to it. In such pleading the real questions which the court was called upon to determine were whether the appellant was entitled to recover the full amount or a proportionate amount, or any amount. The decision depended entirely upon evidence of whether or not the corporation owed any debts, and the amount of such debts. The defense, in avoidance, was that the corporation "now owes no debts." Therefore the burden of proof was upon the appellee to establish the defense; and he failing to do so, the appellant was entitled to recover.

The appellant was not called upon to make replication to the alleged defense beyond a general denial, which is presumed to be made under the practice in this state. And under the general denial to the appellee's answer the appellant was authorized to show that the corporation did owe debts. It was a matter of evidence under the issues made by the pleadings. The court found that the note was given "to take care of the debts of the corporation," and the evidence conclusively showed a judgment debt was due and unpaid by the corporation; that it was necessary for the corporation to pay this debt in order to wind up its business affairs to finally cease active business. Therefore the pleadings of the appellee, in view of the evidence, justified a judgment against him on the note in favor of appellant for an amount equal to only 32 per cent. of the amount of the proven judgment debt owing by the corporation to Mr. Doss. The court should have rendered judgment for appellant for such amount with 10 per cent. attorney's fees.

Accordingly, the judgment is reversed, and judgment is here rendered in favor of appellant against appellee in an amount equal to 32 per cent. of the judgment claim of Charlie Doss owing by the appellant, with interest and 10 per cent. of such amount as attorney's fees. The costs to be paid by appellee.